## DYE v. MONTGOMERY WARD & CO.

No. 26306. Jan. 28, 1936.

S. A. Horton and George S. Evans, for plaintiff in error.

Shipman & Lewis, for defendant in error.

PHELPS, J. The plaintiff appeals from an order of the trial court sustaining defendant's demurrer to the following petition:

"Plaintiff alleges that on June 6, 1934, the defendant, a nonresident mercantile corporation, was operating a large mercantile establishment in the city of Bartlesville, Okla., and that the plaintiff was a customer of the defendant company. On this date she went to the office of the company to transact business with the company by making a payment on a purchase; that while there she, desiring to transact business with an em-

ployee of the defendant company, inquired of the bookkeeper, cashier, and representative of the defendant company where she might find the employee, whose name was Maud Hargrove. Maud Hargrove was working for the defendant company at that time in a storeroom which was upstairs; that the bookkeeper and agent and other employees of Montgomery Ward & Company knew that there were no lights in the storeroom, and that owing to the fact that it was dark and that a large number of boxes, merchandise, automobile tires, and other accessories were stacked in that storeroom that it was dangerous for a party unaccustomed to being in that storeroom going to and from it who was not familiar with the situation.

"With the knowledge of that fact and without advising the plaintiff herein that it was dangerous, the representative of the Montgomery Ward & Company, who had authority in the premises, directed the plaintiff to go to a stairway where the entrance to the stairway was closed by a door which was painted black. That the plaintiff went as directed and observed that it was a very narrow steep stairway, but owing to the fact that there was a window in the wall of the storeroom it enabled her to ascend the stairway; that there were no lights, no warning sign and nothing to indicate to the plaintiff that she might be in danger; that she went up that stairway and went back around to where the girl was working. Owing to the fact that there was a window which threw light in front of her she managed to find the girl and transact the business with her. That when she turned around it was dark, so dark until she could see nothing, but she attempted to find the stairway. While thus attempting to find the stairway she reached the top of the stairs, but she was unable to tell that fact owing to the darkness, and she fell down the stairs and injured herself as hereinafter alleged; that the said defendant company was negligent in permitting her to go into that storeroom without advising her there were no lights. That the said defendant company was negligent in not having some signs to indicate where the stairway might be found or not having the stairway lighted or some guard rails in order to prevent injury. Defendant alleges that there were no guard rails, lights, no signs, and nothing to indicate where the stairway might be found. That by reason of said negligence the plaintiff has been damaged. * * *" (The petition then describes serious physical injury, alleges facts evidencing damage and prays for recovery thereof.)

It is conceded by both parties that after the plaintiff left the cashier or other representative, proceeding on her own mission to find the woman Hargrove, she was a licensee, as distinguished from an invitee or trespasser. Obviously that was her status. From the argument it appears that the trial court sustained the demurrer on the theory that a property owner is under no duty to a licensee to exercise care, other than the duty to refrain from willful and wanton injury. While support for that doctrine may be found in the earlier decisions, it appears that the modern law differentiates between the duty owing to a trespasser and the duty owing to a licensee. There has been much discussion and considerable confusion over this question. In Julian v. Sinclair Oil & Gas Co., 168 Okla. 192, 32 P. (2d) 31, we discussed it at great length, reviewing virtually all of our own and many other decisions on the point involved, after which we laid down the following rule:

"The above authorities from this court are cited to show that this court has recognized that there is a marked difference between a trespasser and a licensee in so far as the liability of a landowner is concerned for injury occurring on said owner's property. It is right and proper that an owner should be liable to a trespasser only for a willful and wanton injury, while it is contrary to reason and justice to apply the same rule to a licensee, without due consideration to the facts and circumstances of the particular case. In the light of the later decisions, we may now safely say that this court is committed to the rule that, under some circumstances, an owner or proprietor is charged with the duty of exercising ordinary care, to avoid injuring a licensee, which is that degree of care a person of ordinary prudence would usually exercise under the facts and circumstances of the particular case. Whether or not that has been done, under proper instructions, is a question of fact for the jury. Wilhelm v. Mo., O. & G. R. R. Co., supra; Cleveland Trinidad Paving Co v. Mitchell, 42 Okla. 49, 140 P. 416; St. Louis & S. F. R. Co. v. Elsing, 37 Okla. 333, 132 P 483."

Paragraph 2 of the syllabus of that decision is applicable to the instant case. It reads:

"Where a person is granted express permission to use the premises of another for a use of his own, he is a licensee and his rights are not to be determined by the rule applicable to trespassers but as to him the owner is required to exercise ordinary care to avoid injury to him, and in a case where such person is injured through a defective condition of the premises the question as to whether the owner exercised such care is a question of fact for the jury."

The fact that in the Julian Case the force causing the injury was explosive gas, a dangerous substance, does not create a suf-

ficient distinction between that case and the instant one to warrant a variance of the issue. In fact, in that decision we pointed out that even in a jurisdiction where a licensee is placed in the same status as a trespasser, the defendant landowner's property "must not contain pitfalls, mantraps, and things of that character." (168 Okla. 192, 32 P. [2d] 31.)

Though the petition could have been drawn with more nicety and precision of expression, still, when measured by the liberal construction to be accorded pleadings for the purpose of withstanding demurrers, it sufficiently sets forth all of the necessary and requisite facts entitling plaintiff to relief. Without undue straining of the language used therein, one is led by its averments to infer that plaintiff was able to ascend the dark, steep stairway because of the light from a window in the side of the building. It does not appear just where this window was located. The meaning expressed by the petition is that at this time she was ascending the stairway and making her way toward the woman Hargrove. But when she was through with that business, and turned about, to walk some distance to find the stairway, there was no guiding light to aid her. The petition plainly alleges this fact, and that when she approached the opening where the steep stairway descended there was no means of determining just where it was located. In other words, the petition fairly infers that it was nothing but a hole in the floor, with not even a guard rail to mark it. Under the circumstances, this could constitute a pitfall. The fact that she knew that the stairway was somewhere in that general locality, and was searching for it, is entirely beside the question of whether defendant was negligent. If she was guilty of contributory negligence, that is a matter which is not related to a review of whether the petition stated a cause of action, since the petition did not show contributory negligence on its face.

Whatever the degree of care owing by defendant to plaintiff, the allegations in the petition are sufficient, if true, to invoke the deliberation of a jury as to whether, under the facts and circumstances of the case, the required degree of care was used. However, in view of the exhaustive treatment of that question in the Julian Case, supra, we shall not retread the same ground in the instant decision.

Under the doctrine announced in that case, the petition states a cause of action. The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and CORN, JJ., concur. BAYLESS, BUSBY, WELCH, and GIBSON, JJ., dissent