UNITED TRANSPORTS, Inc., et al. v. JETT.

No. 31105. Dec. 21, 1943.

*144 P. 2d 110.*

Hudson & Hudson, of Tulsa, for plaintiffs in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

WELCH, J. Josephine Jett instituted an action in the district court of Creek county, to recover damages from United Transports, Inc., arising from injuries alleged to have been suffered as a result of a collision between an automobile wherein she was riding and a truck owned by United, and she joined as a party defendant, American Fidelity & Casualty Company, the bondsmen for United, under authority of Temple v. Dugger, 164 Okla. 84, 21 P. 2d 482. She recovered a judgment upon the verdict of the jury for $10,000 against United, and $5,000 against American, and they appeal.

The first contention presented by these parties is that the trial court erred in refusing the defendant American a separate trial under the provisions of 12 O. S. 1941 § 558. The argument on this is divided into four points, but we agree with Jett that the record is such that we are not permitted to consider the contention and arguments advanced. In the answer filed by American it asks for a separate trial, but we do not observe anywhere in the record that the trial

court was ever asked to pass upon this issue or that the trial court did pass upon it, and, as a consequence, there is no error of the character urged by defendants for us to consider. See Holcomb & Hoke M. F. G. Co. v. Waters, 109 Okla. 107, 235 P. 198; Hale-Halsell Co. v. Webb, 184 Okla. 589, 89 P. 2d 273, and American Fidelity & Casualty Co. v. Bennett, 182 Okla. 71, 76 P. 2d 245.

In the Waters Case, supra, the plaintiff filed a motion for judgment on the pleadings and assigned as error the refusal of the court to grant said motion. The court observed that the record failed to show that the motion was ever presented to, or passed on by the trial court, and disposed of the assignment in keeping with the rule stated in paragraph 1 of the syllabus. The same rule applies here.

The second contention is that the verdict is excessive and appears to have been given under the influence of passion and prejudice. The record discloses that plaintiff is a widow and must support herself and young son by her own labor. During the year preceding her injury, in which time her husband died, plaintiff's total earnings were small, being only such sums as she earned by various types of housework and some farm work. This judgment recovery, if measured solely by plaintiff's earning power during that period, might be slightly excessive. However, we are not inclined to treat her earnings during that period as a definite fixing of her earning power. Also, there are involved as elements of damage, plaintiff's pain and suffering in the past and the embarrassment and suffering which must necessarily accompany her permanent condition of disability. She was confined to her bed for some weeks after the accident and, there is definite proof that a present serious condition of nervousness and incontinence of urine is permanent and was caused by the negligent injury sued upon. Plaintiff is 33 years of age with a life expectancy of 33 years.

From all the circumstances we cannot say that the amount of this verdict is so excessive as to indicate in any degree that the jury was prompted by passion or prejudice in fixing the amount of the recovery. We deem it unnecessary to further discuss the settled rule under which we deny this contention.

Finding no reversible error, the judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.