HARBOUR-LONGMIRE BLDG. CO. et al. v. CARSON.

No. 32277. July 5, 1949.

*208 P. 2d 173.*

Alex Cheek and Jas. C. Cheek, both of Oklahoma City, for plaintiffs in error.

Cantrell, Carey & McCloud, of Oklahoma City, for defendant in error.

HALLEY, J. This action was instituted in the district court of Oklahoma county by Ina B. Carson against the Harbour-Longmire Building Company, a corporation, and Harbour-Longmire Company, a corporation, to recover damages for personal injuries alleged to have occurred May 15, 1942, by falling into a basement stairway in a store building constructed, owned and operated by defendants as a furniture store. The negligence of defendants is alleged to consist of their failure to comply with the Building Code Ordinance requiring handrails in the stairway, lack of proper lighting and marking, and placing on the steps of the stairway the same colored and checkered covering that was maintained on the floor in front of the stairway, and obscuring the entrance to the stairway with various materials. The parties will be re-

ferred to as they appeared in the trial court.

The plaintiff was a customer in the store at the time of the accident. She had just walked down a generally used passageway to a point near the entrance of the stairway, and having given an employee information about a misplaced package was about to turn and leave the store, when she stepped sidewise or slightly backwards, and fell into the basement stairway, resulting in serious injuries.

The defendants answered by general denial, and that plaintiff's injuries were the result of her own negligence in failing to look where she was stepping when she stepped into the stairway. Plaintiff replied to the answer by general denial.

The case was tried to a jury, which returned a verdict for the defendants. Plaintiff filed a motion for a new trial, setting up numerous errors, based principally upon the court's instructions to the jury. The court granted plaintiff a new trial, and stated, as the reason therefor, that it had erred in instructing the jury that none of the Building Code ordinances admitted in evidence had any bearing upon the case, and that the jury should not consider any evidence whatever relative to such Building Codes.

The defendants have appealed from the order and judgment of the court granting plaintiff a new trial, and base their claim for reversal upon the grounds that the court had erred in granting plaintiff a new trial, solely for the reason that the ordinances and so-called "Building Code" had no application to this particular basement stairway, and that the jury should disregard all evidence relating to such ordinances of Oklahoma City. The defendant claim ethat the ordinances, or Building Codes, are not applicable to the stairway in question and should not be considered, for the reasons that:

(a) Such ordinances were not sufficiently plead by plaintiff;

(b) The ordinance requiring handrails on such stairways was not enacted until after this stairway was constructed;

(c) The evidence shows that the ordinance of 1926 was not adopted until 1929;

(d) The Building Code introduced was not retroactive; and

(e) The absence of handrails (if required by law) was not the proximate cause of plaintiff's injuries. The plaintiff claimed that the handrails were required by law, and the failure of defendants to provide them constituted negligence in itself, or negligence per se.

The defendants (plaintiffs in error) state on page 7 of their brief that "only that evidence which relates to the applicability of the City Ordinances is relevant."

In granting plaintiff's motion for a new trial, the trial court made the following statements:

"It is the judgment of the court that plaintiff's motion for new trial be sustained for the reason that, in the opinion of the court, he committed error in the giving of his instructions numbered nine (9) and in failing to give plaintiff's requested instruction numbered eleven (11) or an instruction of similar import, calling the jury's attention to the existence of the Ordinances and directing them that it was the duty of the defendants to have complied therewith by the construction and maintaining of suitable handrails in the stairway under consideration. I believe that's the only error there is in it. Mr. Cheek: Does the record show that the motion for new trial be granted on the grounds stated heretofore and on no other ground? The Court: That's right."

The trial court has given a clear statement of its reasons for granting a new trial, in the order appealed from. If the action of the court in granting a

construction of buildings in Oklahoma new trial was within the court's authority as a matter of law, and did in fact constitute reversible error, and the court is not shown to have acted arbitrarily or in abuse of its discretionary powers, there would appear to be no reason for considering any other alleged errors that may have occurred at the trial.

In order to determine whether or not the court reached a proper conclusion in ordering a new trial for the reasons stated by the court, it is necessary to consider the pleadings and evidence admitted relative to the Building Code ordinances introduced in evidence, their requirements, and whether or not applicable to the stairway in question.

The Building Codes referred to will be referred to as the 1913 Code and the 1926 Code. The 1926 Code was printed in 1926, but contained no certificate by any city official and was not certified by anyone as a correct copy of the ordinances therein purported to be set out, and there is a dispute as to its effective date. In 1928, the city attorney recommended its "re-adoption", and on February 12, 1929, an emergency ordinance, No. 3570, was adopted by the city council, adopting the revised Building Code of 1926 and making it effective at once. It appears from the record that this Code of 1926 has been generally accepted and at least partially enforced by the city authorities prior to February 12, 1929. The 1926 Code provides, in section 45, par. 4, part IX, that all stairways "except in dwellings shall have handrails on both sides."

Par. 2, sec. 1, Part 1 of the 1926 Code also contains the following provisions:

"Unless existing buildings or structures are specifically mentioned, the provisions of this Code shall apply only to buildings or structures hereafter erected or altered."

Section 328, Part XLIII of the same Code provides in part that "all former ordinances relating to the construction of buildings, and all other ordinances inconsistent herewith, are hereby repealed." Existing buildings, such as store buildings, are not specifically mentioned in the 1926 Code.

The portion of defendant's building in which the stairway involved was located was erected in 1925 or 1926. Since we are of the opinion that the 1926 Code did not become effective until February 12, 1929, and did not apply to the existing store building, that portion of the 1926 Code requiring handrails was not applicable to the stairway in question.

It necessarily follows that we must look to the 1913 Code, which provides in section 75, Part XII, among other things, that any building thereafter erected, to be used as a store, and covering an area such as is covered by the building of defendants, shall have its stairways "provided with proper banisters or railings or handrails and kept in good repair."

The 1913 Code was in effect when defendants' building and stairway were erected. It was not repealed by the 1926 Code, because the latter did not apply to a store building already erected. It was not repealed by the 1926 Code because not in conflict therewith, since the latter did not apply to the building in question.

We find no merit in the contention that the Building Codes were not properly pleaded to justify their admission in evidence. Section 75 of Ordinance No. 1745, here referred to as the 1913 Code, was pleaded in haec verba, and paragraph 4, sec. 45, Part IX of the 1926 Code, was set out in the first amended petition of the plaintiff. Since the latter is not applicable to the stairway in question, we find it unnecessary to discuss the question of whether it was properly pleaded or admitted in evidence, nor the question of whether its mere printing, circulation, use and enforcement made it an effective ordinance in view of Ordinance No. 2384, adopted in 1924, providing that where the revised ordinances affecting the

construction of buildings in Oklahoma City have been published in book or pamphlet form, they shall be known as the "Building Code of Oklahoma City" and supersede and repeal all existing crdinances concerning the construction of buildings, and shall be read and received in all courts without further proof.

It is a well-settled principle of law in this state that the violation of a statute or city ordinance is negligence per se if the other elements of actionable negligence exist. Spencer v. Bolt, 82 Okla. 280, 200 P. 187; Lakeview, Inc., v. Davidson, 166 Okla. 171, 26 P. 2d 760. Of course, in order to fix liability, it must be shown that the violation of ordinance or law was the proximate cause of the injury complained of. Champlin Refining Co. v. Cooper, 184 Okla. 153, 86 P. 2d 61. It was the duty of the trial court in the case at bar to instruct the jury that a violation of the Building Code constituted negligence, and that it was their duty as triers of the fact to determine whether or not such violation was the proximate cause of the injury complained of. The trial court realized its error in not so instructing the jury, and granted a new trial. This was proper.

Since the trial court's action in granting a new trial because of error in instructing the jury and refusing to give requested instructions is approved, no useful purpose will be served by discussing other alleged errors of the trial court.

The order and judgment of the trial court in granting a new trial is hereby affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in result.