TULSA FRUIT CO. et al. v. LUCAS.

No. 35520.   March 10, 1953.

*254 P. 2d 788.*

ant's truck, driven by the defendant Brown, an employee, was parked on the south or left-hand side of the street; as plaintiff approached, defendant's driver negligently and unlawfully drove the truck away from the south curb and diagonally across the highway in a northwesterly direction, colliding with plaintiff and causing serious injuries. Negligence was charged in defendant's truck unlawfully being parked on the left-hand side (wrong side) of the highway facing west; in driving the truck from the wrong side of the highway into and across the eastbound lanes of traffic without yielding the right of way to plaintiff; unlawfully and recklessly driving the truck across eastbound traffic lanes so as to block highway and collide with plaintiff's car, which defendant could have avoided by use of ordinary care; violation of applicable ordinances of the city of Tulsa providing as follows.

"Any person driving a vehicle away from a parked position along a curb, edge of street, or a double parked position shall yield the right of way to all vehicles moving in the line of traffic being entered by such driver.

"No person shall stand or park a vehicle in a roadway other than parallel with the right edge of the roadway, headed in the direction of traffic, and with the right curb-side wheels of the vehicle within eight (8) inches of the edge of the roadway or the curbing thereof, except where diagonal parking or parking at a 45 degree angle or by regulation of the Chief of Police in a - cordance with the authority granted to him by this ordinance.

"It shall be unlawful for any person, firm or corporation to allow, permit or suffer any vehicle registered in his, her or its name to stand or park in any street, highway, parkway or alley under the control of the city in violation of the provisions of this ordinance."

Plaintiff further alleged that as a result of defendants' negligence he received severe and permanent injuries to his skull, forehead, eye, foot and leg, and had lost his sense of taste

Pierce. Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

E. D. Brewer, Tulsa, for defendant in error.

CORN, J. Plaintiff sued to recover damages for personal injuries, and for damages to his automobile, received in a collision between his automobile and defendant's truck, and alleged to have resulted from negligence of the truck driver and codefendant Brown.

The petition alleged plaintiff was driving his car east on Sand Springs Road in Tulsa, Oklahoma, and defend-

and smell, as well as damage to his automobile in the amount of $850.

Defendants filed general denial, plea of unavoidable accident, and further that plaintiff was guilty of contributory negligence, in: (1) failing to keep proper lookout for other vehicles properly upon the street; (2) failing to have proper brakes, or failure to stop in the assured, clear distance ahead; (3) driving in excess of the speed permitted under applicable city ordinance; (4) violation of certain sections of city traffic code requiring, upon streets of sufficient width, that all drivers keep upon the right half of the roadway and requiring all vehicles meeting one another to keep to the right of the center of the highway. By cross-petition defendants sought judgment against plaintiff for damages to the truck and loss of use thereof during time required for repair, alleged to have resulted from plaintiff's negligence.

Plaintiff replied by general denial of the answer and all matters relied upon for relief under the cross-petition.

At the trial evidence disclosed the following physical facts as respects the general locale, and conditions existing immediately following the collision: Sand Spring Road, in the city of Tulsa, runs east and west in the vicinity of the 4900 block where this accident occurred. The roadway measures 35 feet in width, thus making a four lane street. A traffic light is located at the east end of this block, and the testimony showed the point of collision to have been 117 feet west of such light. No parking is permitted on the north side of Sand Springs Road, although it is permissible to park along the south curb line. When vehicles are so parked only three traffic lanes remain open for travel. The accident occurred about 10:30 a.m., on a cold day in January, 1951.

To establish the facts of the accident plaintiff relied upon his own testimony and that of one other witness. Plaintiff testified he was traveling east at approximately 25 miles per hour, and was decelerating his own car in an effort to give the traffic light time to change to green; a car parked along the south curb caused him to drive out in the center lane; first observed defendant's truck when it started to pull out from the curb across the highway in an angling northwesterly direction while plaintiff was approximately 100 feet away. The angle at which the truck pulled across the street was shown by the testimony to have been from 30 to 45 degrees. Believing the truck was pulling out in order to observe oncoming traffic plaintiff pulled his car to the left about to the center line of the street, but the truck pulled on out across the street in his path. Being unable to pass behind the truck because of a parked car, plaintiff applied his brakes when a very short distance away, but the brakes did not hold, and swung his car hard to the left, but was unable to avoid colliding with the truck, which he struck at the left front corner of the bed. Plaintiff's car jammed under the corner of the truck and as a result of the collision he was rendered unconscious and received serious and permanent injuries. Plaintiff's automobile was so badly damaged it was sold for salvage. The serious and permanent nature of plaintiff's injuries was established by uncontroverted medical testimony, and no issue is presented on appeal relative to the propriety of the judgment in this respect.

Plaintiff's other witness (Lovely) was standing inside a tavern looking out a plate glass window toward the street and observed defendant's westbound truck swerve across the street and park on the wrong side. Two men got out of the truck and carried some produce into a nearby store. A few minutes later they returned, jumped into the truck and suddenly pulled out across the street at an angle in a northwesterly direction. Witness observed plaintiff when approximately 60 feet from the truck and at the time he was traveling 20-25 miles per hour. Plaintiff could not turn to the right because of cars parked along the south curb. As the

two vehicles neared one another plaintiff swung to the left in an effort to miss the truck, but they collided and plaintiff's car was wedged in under the front of the truck body. The demurrer to plaintiff's evidence was overruled.

Defendant's driver and codefendant (Brown) testified he stopped the truck to make a delivery and then pulled across the street to the right side and stopped to let his coworker (Sheet) into the truck; he then started the truck and proceeded down the street at about 10 miles per hour when he observed plaintiff's car approaching about a block away but gradually pulling over in a northeasterly direction into defendant's traffic lane without slowing down.

The other employee (Sheet) was a passenger in the truck. He testified defendant drove across the street into his proper traffic lane and then stopped to wait for witness to cross the street and enter the truck, whereupon they proceeded west in the proper lane; they observed plaintiff's car and as it approached plaintiff veered across the center onto the wrong side of the street and struck the truck.

Police officers who investigated the accident testified as defendant's witnesses. One officer testified the street was 35 feet wide where this accident occurred. Following the collision both vehicles were on the north side of the street in the truck's lane of traffic; there were no skid marks and apparently plaintiff's car came into the traffic lane and struck the truck. The photographic exhibits admitted in evidence showed the position of the vehicles following the collision and disclosed that the truck was struck by plaintiff's car over the center line. Another officer corroborated the above testimony, and also testified that after the wreck the truck's right wheels were about 7 feet from the north curb. The third officer gave substantially the same testimony.

In rebuttal plaintiff recalled the witness, who positively contradicted testimony given by defendant's witness to the effect that Sheet went into the street to look for approaching traffic and assist in guiding the truck across the street from its position at the south curb. Witness further testified the truck did not back up before pulling away from the curb and across the highway, and that it did not stop from the time it pulled out from the curb until it reached the point of impact.

Defendants' motion for directed verdict at the close of the evidence was overruled, and after consideration of the case under the trial court's instructions the jury returned a verdict for plaintiff for $14,892, upon which verdict the judgment appealed from was rendered.

Defendants rely upon two propositions in seeking to reverse this judgment, the first of which is the contention the trial court erred in overruling defendants' demurrer to the evidence and the motion for directed verdict. The supporting argument is presented under two subdivisions: (a) what defendants refer to as the physical facts rule; (b) there was no evidence of negligence.

Under subdivision (a) defendants recognize that a question as to existence of negligence is for the jury, but urge that an exception to such rule is that a jury cannot find the existence of negligence where the established physical facts show an absence of negligence, even though plaintiff's evidence may conflict with the physical facts and indicate existence thereof. Defendants contend the testimony, coupled with the physical facts shown in the photographic evidence, precluded the jury from finding defendants guilty of negligence.

The evidence introduced by means of the photographs made immediately after the collision showed: the truck was in its proper lane of traffic; plaintiff's car struck the truck and nearly all of the car was across the center

line on defendants' side of the road; there were no skid marks from the point of impact. Under defendants' theory such physical facts must be accepted as showing lack of negligence of defendants, and likewise precluded the jury from finding negligence although plaintiff's evidence was in conflict therewith. Numerous cases are cited as authority for the rule contended for. Lee Way Motor Freight, Inc., v. True (10 Cir.) 165 F. 2d 38; Wise v. Wise, 175 Okla. 310, 52 P. 2d 715; McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143; and cases from other jurisdictions.

However, to accept defendants' theory of proper application of the rule upon which they rely would require this court to disregard entirely anything other than the physical facts concerning the actual collision and conditions apparent thereafter. In other words, to follow defendants' theory and reasoning, we would be compelled to announce a rule to the effect that where there are physical facts which show, or tend to establish, certain conditions and thus reflect that an accident could have happened in a certain manner, a court or jury cannot consider any other evidence of negligence of a party prior to the happening of an event. This we decline to do.

The negligence relied upon herein was the manner in which the truck was parked, and the course employed by the driver in moving the parked truck from an illegal parking place across moving traffic lanes and into the proper traffic lane. Plaintiff relied upon defendants' negligence in handling of the truck, as being the proximate cause of his being involved in a collision. The physical facts relative to the place the collision occurred are not disputed. The question presented for the jury's consideration was whether the evidence showed that the accident resulted primarily from the manner in which the truck was operated up to the point of the collision.

In passing upon defendants' demurrer to the evidence and motion for directed verdict all the evidence favorable to plaintiff, and reasonable inferences to be drawn therefrom, were to be taken as true, while everything favorable to movant was to be disregarded. Defendants' demurrer and motion properly were overruled. Oklahoma Ry. Co. v. Wilson, 204 Okla. 90, 227 P. 2d 392; Shamblin v. Shamblin, 206 Okla. 133, 241 P. 2d 941.

Defendants also contend there was no evidence of negligence. They urge plaintiff relied upon the illegal parking of the truck and defendants' failure to yield right of way to plaintiff when crossing the eastbound traffic lanes. Thus, since the accident occurred after the illegal parking, such fact was too remote from the accident to have the necessary proximate causal connection. Defendants then conclude that under our decision, before violation of an ordinance could provide a basis for recovery in a negligence action, such violation must appear to be the proximate cause of injury. We have consistently adhered to this rule. Harbour-Longmire Bldg. Co. v. Carson, 201 Okla. 580, 208 P. 2d 173. However, this rule likewise includes the principle that whether violation of an ordinance or statute was the proximate or contributing cause of injury is a question of fact for the jury. See syllabus 2 of the Carson case, supra.

Plaintiff did not rely solely upon defendants' violation of the city ordinance as showing negligence. He pleaded and offered evidence showing defendants' entire course of conduct in operation of the truck from the time of the illegal parking until they sought to re-enter the proper lane of traffic. The question was whether defendants' manner of operation of the truck was the proximate cause of the collision. This was a matter peculiarly for the jury. The standard of liability was negligence. The question was whether a reasonably prudent person would have so operated the truck under the circumstances. The evidence was such that reasonable men might have drawn different conclusions therefrom. Whether negli-

gence existed and, if so, whether such negligence was the probable cause of injury, was for the triers of fact. Oklahoma Natural Gas Co. v. Gray, 204 Okla. 362, 230 P. 2d 256. These issues were resolved in plaintiff's favor. The verdict is amply sustained by competent evidence, and will not be disturbed on appeal. United States F. & G. Co. v. Dowdy, Adm'x, 203 Okla. 207, 219 P. 2d 215.

The second contention is that the trial court erred in overruling the motion for new trial. The first ground of argument is that the court erred in giving instruction No. 9, wherein the substance of various city ordinances was stated. The complaint is that the jury was told defendants were guilty of negligence per se under one of the city ordinances if the truck was parked in violation of such ordinance. This argument is without merit. In the following instruction (No. 10) the court further advised the jury that while violation of the ordinance would be negligence, such negligence provided no basis for judgment unless the violation was the proximate cause of the accident. The jury properly was advised that violation of the city ordinance constituted negligence per se. The court further advised the jury it was necessary to determine from the evidence whether such violation was the proximate cause of injury. The instructions given properly defined these issues. Harbour-Longmire Bldg. Co. v. Carson, supra.

The final argument is that the court erred in admitting prejudicial evidence. While plaintiff was testifying he took a bone fragment from his pocket and testified same had been removed from his skull after the accident, although plaintiff admittedly was unconscious at the time the operation was performed. Defendants objected and asked that the jury be admonished not to consider this. The trial court reserved his ruling upon this motion. The specimen thereafter was shown to plaintiff's doctor while he was on the witness stand, although he stated he could not identify

same. The trial court again reserved his ruling upon defendants' objection to the testimony and request that it be stricken and the jury admonished not to consider any such testimony. The bone fragments were not introduced in evidence.

The record does not disclose that defendants at any time before judgment renewed their objections, or requested the trial court to enter a final ruling upon defendants' objections after having reserved his ruling thereon. In such instances the rule is that a party who permits a case to proceed to judgment without having the court enter a final ruling upon his motion will be deemed to have waived his right to such ruling; and in absence of a ruling thereon there is no question of error to be reviewed. United Transports, Inc., v. Jett, 193 Okla. 399, 144 P. 2d 110; Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408; Blackburn v. Morrison, 29 Okla. 510, 118 P. 402, Ann. Cas. 1913A, 523.

Judgment affirmed.

Plaintiff having prayed for judgment upon the supersedeas bond executed herein, judgment accordingly is rendered thereon.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.