Celeste L. BENTLEY and E. R. Haunschild, c/b/a Bentley & Haunschild Tank Trucks, James M. Wood, and Indiana Lumbermen's Insurance Company, a foreign corporation, Plaintiffs in Error,

v.

Dale MELTON, Defendant in Error.

No. 37638.

Supreme Court of Oklahoma.

Oct. 8, 1957.

Kerr, Lambert, Conn & Roberts, by R. Burl Harris, Ada, for plaintiffs in error.

Blevins & Raburn, by James Winston Raburn, Ada, for defendant in error.

PER CURIAM.

This action arose out of an intersection collision involving the truck of plaintiffs in error and another vehicle being driven by a person not a party to this action. Following the collision of the two vehicles the truck proceeded a short distance out of control and then collided with defendant in error's building, causing the damage for which the action is brought. Hereinafter the parties will be referred to as they appeared in the trial court.

The sole issue on appeal is the correctness of the court's order granting plaintiff a new trial after judgment on the jury's unanimous general verdict for the defendant. In the order granting the new trial two specific reasons were stated by the court, as follows:

"* * * the Motion for New Trial of the plaintiff should be sustained, by reason of the error committed by the Court, involving a pure and unmixed question of law, to-wit:

"'In permitting the attorneys for the defendants to improperly cross examine the plaintiff over the objections of the plaintiff; and,

"'Failure of the Court in not instructing the jury to disregard the testimony concerning the payment of plaintiff's loss of merchandise. The court is of the opinion that said cross-examination and said failure to instruct the jury were erroneous and prejudicial to the rights of the plaintiff.'"

The question asked plaintiff on cross-examination and alluded to in the court's order is:

"Mr. Melton, you have been paid for your damage to your merchandise, haven't you?"

This question was asked without objection and an affirmative answer was given. After plaintiff was asked and was unable to supply the exact amount he had been paid, his counsel voluntarily stated that plaintiff had been paid by his insurance company and "for that reason, I think that should be stricken from the record". Defendants' counsel thereupon moved that the jury be instructed not to consider the items of loss for which plaintiff had been reimbursed for the reason that he was not the real party in interest. The court reserved its ruling on both of these motions, and the trial continued with plaintiff testifying on re-direct examination as to the amount paid him, stating that he would have to pay back this amount to his insurance carrier if he recovered it in this action. The plaintiff did not renew his motion to strike the previous testimony and the court did not rule on either party's motion. There was no request from plaintiff at any time during trial that the jury be instructed to disregard the testimony. The plaintiff likewise made no objection to the court's instructions to the jury, nor submitted to the court a requested instruction on this point. The court's instruction on damages contained, as an item to be considered, the item for which plaintiff had been paid by the insurance company. The jury's verdict was general and in effect denied recovery for other items of damage for which plaintiff had not been reimbursed, as well as for the insured items.

The foregoing recitation demonstrates that there was no error concerning the plaintiff's cross-examination that would justify the order granting a new trial. If we assume that the question was not proper, the error in failing to strike was thereafter waived by failing to secure a ruling on the motion or reasserting the motion before submission of the case to the jury, Tulsa Fruit Co. v. Lucas, 208 Okl. 166, 254 P.2d 788, and by the subsequent development by both parties of the same subject matter without objection. Dippel v. Hargrave,

206 Okl. 26, 240 P.2d 1070; Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okl. 325, 237 P.2d 878; Wood v. Kerr Dry Goods Co., 190 Okl. 197, 121 P.2d 992; Moore v. Grimes, 169 Okl. 4, 35 P.2d 944. The court's instructions to the jury adequately covered the measure of damages and included therein was the item concerning which the testimony was elicited. Finally, the jury's verdict can only be construed to be a determination of a lack of negligence on the part of the defendant; thus, an improper ruling on this testimony was harmless, as there is no showing of prejudice to plaintiff thereby.

 These conclusions bring this action with the rule stated by the first and second paragraphs of the syllabus of Aldridge v. Patterson, Okl., 276 P.2d 202, 203, as follows:

"1. A trial court's order sustaining a motion for a new trial in a cause wherein judgment was entered in conformity with a jury's verdict, will be reversed where it is based, to the exclusion of all others, on a wrong, incorrect or insufficient reason or ground therefor, and there appears to be no tangible, substantial or reasonably certain basis for concluding that if the cause were retried, the result would be different.

"2. Before a cause should be retried or reversed' on account of the admission of incompetent evidence it should affirmatively appear that the admission of such evidence resulted prejudicially to the interest of the party seeking the new trial or reversal."

The order of the court in granting a new trial is reversed, with instructions to overrule said motion for new trial.

JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioner in the preparation of this opinion. After a tentative

opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.