**MIDWESTERN ENGINE AND EQUIPMENT COMPANY, Inc., Plaintiff in Error,**

v.

**Tom CHILDERS, d/b/a C. & G. Construction Company, Defendant in Error.**

No. 37645.

Supreme Court of Oklahoma.

Oct. 29, 1957.

Rehearing Denied March 4, 1958.

Harry T. Hudson, Oklahoma City, for plaintiff in error.

Floyd L. Walker and George P. Striplin, Tulsa, for defendant in error.

PER CURIAM.

This action was commenced by Tom Childers, d/b/a C. & G. Construction Company, to recover the value of earth-moving machinery which he alleged belonged to him and which was taken by plaintiff in error, defendant below, without his consent. Continued reference to the parties will be by their trial court designation and as though no assignment of the judgment had been made.

The record reveals that plaintiff was an earth-moving contractor engaged in the performance of a contract by the use of certain machinery leased from the defendant; that prior to December 18, 1953, the equipment was repossessed by defendant because of plaintiff's failure to meet his financial obligations; that certain negotiations occurred and culminated in the execution of an assignment of the proceeds of plaintiff's earth-moving contract to the defendant whereupon the equipment, the subject of the action, was returned to plaintiff; that the assignment is dated December 18, 1953; that a second instrument, a lease of this same equipment dated December 22, 1953, was also signed by plaintiff; that the property was repossessed by defendant on March 30, 1954, and this action followed. The controversy is over the ownership of the property. Plaintiff's position is that the assignment was part of the consideration for the sale of the machinery to him. To support his case, plaintiff introduced a copy of the assignment which provides, in part, as follows:

> "Whereas, Tom Childers * * * desires to secure the payment of certain indebtedness (Exhibit A) for the purchase of construction equipment from Midwestern Engine & Equipment Company, Inc. * * *."

The Exhibit "A" referred to in the assignment was not in plaintiff's possession, his testimony being that the only copy was attached to the original instrument which was retained by defendant, and the parties do not agree on the content of this "Exhibit." Plaintiff testified that "Exhibit A" was "* * * a description, the sales price and the serial number of the four pieces of machinery * * *." Defendant's secretary-treasurer testified that the exhibit was a statement of an open account then due and owing from plaintiff to defendant for the previous lease of the equipment as well as other items for which he had not paid. He also testified that the machinery was not sold to plaintiff. Neither party was able to produce the original or a copy of the disputed document. Defendant introduced the

aforementioned lease agreement to support its theory; and, although plaintiff admitted signing the lease, his testimony on cross-examination in response to questions from defendant's counsel concerning the execution of the lease contract was as follows:

> "* * * So I came over to his office and he asked me, he said, 'Tom; how about signing this for me?' And I said, 'I don't have to sign that, Bob,' I said, 'We have already got our agreement' and he said, 'Well, go ahead and sign that for me. It is to satisfy our banker and the front office' and I signed it, * * *."

The controversy was submitted to a jury which returned a verdict for the plaintiff.

The defendant urges only two propositions on appeal, both dealing with the court's ruling on the admission of evidence. In accordance with our long established precedents, all assignments of error not contained within the propositions presented are considered waived. Klaus v. Fleming, Okl., 304 P.2d 990.

The initial proposition urges that the court erred in "ruling out competent and legal evidence * * *, to-wit: The judgment roll, or record proper, of prior litigation between the parties hereto." In cross-examination of the plaintiff, defendant's counsel handed him an instrument which plaintiff identified as "a District Court Petition of Intervention." Plaintiff's counsel immediately objected to the introduction in evidence of this instrument whereupon a conference between the court and counsel for the parties was held during a recess taken for that purpose. When court was reconvened, defendant's counsel made the following statement:

> "If it please the Court, I withdraw my offer of Defendant's last exhibit."

Upon careful examination of the record we have been unable to find where this exhibit was again tendered as evidence, or where the court was asked to and did rule on the admissibility in this action of the pleadings in a prior action between the parties. Since there is no ruling by the court excluding the

evidence, no error in this regard is presented for review. Regier v. Hutchins, Okl., 298 P.2d 777; United Transports, Inc., v. Jett, 193 Okl. 399, 144 P.2d 110.

■■ The only other proposition urged is that "Parol evidence is inadmissible to alter or contradict the terms of a written contract." To sustain the applicability of that correct abstract statement of a rule of law, our attention is directed to only two instances in which the court permitted the introduction of testimony over the defendant's objection on this ground.

■ The first instance of an objection to testimony on this ground was during the direct examination of plaintiff concerning the execution of the assignment introduced in evidence by him. At this point in the trial the lease agreement had not yet been introduced in evidence. The particular objection was made by an interruption of plaintiff's narrative concerning the events leading up to the execution of the assignment. The narration was not testimony that tended to vary the assignment but instead supported the assignment as the consideration for the sale of certain machinery listed, as plaintiff testified, on the lost "Exhibit A." The court's ruling on the objection was correct at that time.

■ The second objection on the grounds mentioned occurred during the examination of a witness called in rebuttal by plaintiff for impeachment purposes. Defendant's secretary-treasurer, who had negotiated the transaction with plaintiff, had been asked in his testimony if a certain conference had been held between him and this witness, in which he had stated that defendant had sold the property in controversy to plaintiff. The defendant's officer denied the conversation. This rebuttal witness testified, over defendant's objection on the stated grounds, that the defendant's officer had stated to him that the machinery had been sold to plaintiff. The testimony was proper for impeachment purposes and thus it was not error to overrule the objection. Taylor v. Scott, 167 Okl. 588, 32 P.2d 48; Wilson v. Oklahoma Ry. Co., 207

Okl. 204, 248 P.2d 1014; 70 C.J. Witnesses, § 1237. We have not been cited any other instance wherein the trial court admitted evidence over defendant's objection on this ground, and after careful examination of the record we have been unable to find any other objection on this ground. The propositions presented being without merit, the judgment must be affirmed.

Judgment affirmed.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

CORN, V. C. J., and HALLEY and CARLILE, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.