Michael SIMON, Plaintiff,

v.

George RIZEK and Mildred Rizek, Defendants.

Civ. No. 68–239.

United States District Court
W. D. Oklahoma.

Feb. 19, 1969.

Sandor Yelen, Wilkes-Barre, Pa., Al Pugh, Oklahoma City, Okl., for plaintiff.

John R. Couch, Melvin F. Pierce, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff, while a guest in the Defendants' home, was injured when he collided with a sliding glass door. Plaintiff seeks recovery for his injuries resulting from this accident on the grounds that (1) the door was so placed that from certain angles the doorway appeared unobstructed, (2) the Defendants should have known that there was a danger that persons might not see the glass door, and, (3) the Defendants failed to warn Plaintiff of such danger or to place markings on the door to warn of its presence. The Defendants move for Summary Judgment on the basis that neither the Complaint nor the Depositions on file disclose any breach of duty by the Defendants.

■ It is contended, and not controverted, that the Plaintiff was a social guest in the home of the Defendants. As such, he was a licensee, 38 Am.Jur., Negligence, § 117; Foster v. Harding, 426 P.2d 355 (Okl.1967). The Defendants, therefore, owed him a duty of exercising ordinary care to avoid injuring him. Julian v. Sinclair Oil & Gas Co., 168 Okl. 192, 32 P.2d 31 (1934); Dye v. Montgomery Ward & Co., 175 Okl. 567, 54 P.2d 182 (1936).

■■ The Court may not grant Summary Judgment where there exists genuine, material issues of fact between the parties. Summary Judgment is a drastic remedy granted only upon a showing that there are no triable issues. Glick v. Empire Box Corp., 142 F.Supp. 761 (D.C.N.Y.1956).[1] Probably the most material issue of fact here is whether the Defendants violated the duty they owed the Plaintiff under the circum-

stances of this case. In Julian v. Sinclair Oil & Gas Co., supra, it is held:

"* * * under some circumstances, an owner or proprietor is charged with the duty of exercising ordinary care, to avoid injuring a licensee, which is that degree of care a person of ordinary prudence would usually exercise under the facts and circumstances of the particular case. Whether or not that has been done, under proper instructions, is a question of fact for the jury." 32 P.2d at p. 36.

This rule presently obtains in Oklahoma. It does not mean, however, that the issue of negligence in every case is for the jury. In Pruitt v. Timme, 349 P.2d 4 (Okl.1960), the court said:

"The facts of each particular case are, of course, controlling upon the question of negligence in respect of a dangerous condition upon the premises, and ordinarily the question whether an owner or occupant has been negligent in this respect toward a person whom he has invited upon the premises is to be decided by the jury. 38 Am.Jur., Negligence, Secs. 102 and 356. In such cases, as in other cases, however, if there is no dispute as to the facts and only one conclusion can be drawn from the evidence, the court can decide the question as a matter of law." 349 P.2d at p. 6.

It is noteworthy that in nearly every case in which the rule in *Pruitt* was applied, it was on demurrer to the evidence or motion for directed verdict, both of which under Oklahoma practice are presented after submission of a plaintiff's evidence.

■ The Court at the present time is unable to say that only one conclusion

---

1. The parties apparently have been more concerned with finding "glass door" cases factually in point with their respective positions in the case than with giving it a good legal analysis. Some issues latent in this case relate to what class of licensee was Plaintiff, inasmuch as his classification affects the degree of duty: see

Rogers v. Cato Oil & Grease Co., 396 P.2d 1000 (Okl.1964); 65 C.J.S. Negligence § 63(27); and, whether the doctrine of "active" as opposed to "passive" negligence should apply in this case, 65 C.J.S. Negligence § 63(33) at pp. 700–701; § 63(6).

**604**

can be drawn from the Pleadings and Depositions on file and that the Plaintiff cannot establish that the Defendants violated the duty they owed him as a licensee.

Defendants' Motion for Summary Judgment is, therefore, denied.