JAMES COOK *vs.* DENNIS McGILLICUDDY.

Knox.    Opinion November 15, 1909.

*Contributory Negligence.*

Where the plaintiff in an action on the case recovered a verdict for personal injuries sustained by him in falling down a flight of unrailed and unlighted stairs, in the darkness of the early morning, in the defendant's boarding house where he was a boarder, *held* that without considering the question whether the condition of the premises was such as to warrant the jury in finding negligence on the part of the defendant, the plaintiff's own story revealed such a want of due care on his part as rendered the verdict clearly wrong.

On motion and exceptions by defendant.    Motion sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff in falling down a flight of unrailed and

unlighted stairs in the defendant's boarding house. Plea, the general issue. Verdict for plaintiff for $394. During the trial the defendant requested the presiding Justice to instruct the jury "if when the plaintiff came to the head of the stairs it was so dark that he could not see he ought not to have proceeded without a light and to do so was of itself contributory negligence." The requested instruction was refused and the defendant excepted. The defendant also filed a general motion for a new trial.

The case is stated in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J. Motion to set aside a verdict for the plaintiff in an action on the case for personal injuries sustained in falling down a flight of unrailed and unlighted stairs in defendant's boarding house. There is little conflict of evidence on the material facts which are as follows: The defendant at the time of the accident was the lessee of the second and third stories of a building in North Jay used by him as a boarding house, the first story being occupied by stores. The smoking and dining rooms were situated on the second, the sleeping rooms of the boarders on the third floor. The stairs leading from the second story started from a landing near the smoking room and rose between solid walls on either side to the hall in the third story which ran at right angles, and out of which the chambers opened, the plaintiff's among the others. Between the top of the stairs and the hall was a landing about four or five feet long and the same width as the stairs which was three feet and three inches. These stairs were unrailed, but a board and moulding finish, which the plaintiff calls a facing board, seven inches wide and projecting one inch, was attached to the wall at a distance of about two or three feet from the floor, and extended around the upper hall and the landing as well as on either side of the stairway as appears from the photographs introduced in the case. By day the stairway was lighted by a window in the door at the foot of the

stairs and by another in the front of the building opposite the top. At night a lantern was hung near the foot of the stairs, but in the early morning it was not lighted.

The plaintiff reached North Jay about four o'clock in the afternoon of Saturday, November 7, and went directly to this boarding house. He remained there over Sunday, and Monday morning began work as a stone cutter. He worked Monday and Tuesday, returning to these premises for meals and lodging. On the morning of Wednesday, November 11, he arose as usual before light, dressed in the dark and then started to go down stairs through the unlighted hall. What followed can best be stated in his own words. "I came out of my room, put my hand along the wall and felt my way along to the head of the stairs. I followed along the hallway until I come to the corner of the stairs and I stopped there and felt for a match, that is, when I thought I was very near the corner, I didn't have no matches. I felt along with my left hand and struck this facing board where it runs up and down. I guess it projects about half an inch. I reached for the rail and stepped at the same time. . . . I supposed there was a rail there to get hold of. I went to step and went right off the same time. There was no rail there."

Without considering the question whether the condition of the premises was such as to warrant the jury in finding negligence on the part of the defendant, the plaintiff's story reveals such a want of due care on his own part as renders the verdict clearly wrong. The plaintiff was a man of mature years who had worked at his trade in many places in this State. He attributes his accident to the want of light and railing, yet the darkness was apparent and the lack of railing he either had discovered previously or might have discovered had he given that attention to his surroundings which the law requires. Certainly the opportunity to do so had been ample. He had lived in the house from Saturday afternoon to Wednesday morning going up and down these stairs by day and by night. So that on the morning of the accident the unlighted and unrailed stairs were in the eye of the law obvious to him. There was a lamp in his room which he might have used had he seen fit. When he

reached the landing at the top of the stairs, he apparently realized the danger of proceeding further without a light because he said he felt in his pocket for matches but could find none. He appreciated the peril involved in going ahead in the darkness, yet he took the fatal step. His proceeding under those circumstances falls little · short of recklessness. His only excuse is that he was trying to find a railing which did not exist and which he ought to have known did· not exist. This excuse will not avail. Had he been a stranger wandering ignorantly in the dark, he could not have recovered. *Wilkinson* v. *Fairie*, 1 H. & C. 633; *Campbell* v. *Abbott*, 176 Mass. 246; *Parker* v. *Portland Publishing Co.*, 69 Maine, 173. His familiarity with the premises does not lighten the burden of due care which the law requires him to sustain. Either horn of the dilemma is fatal to his claim.

*Motion sustained.*