### CLINKSCALES v. MUNDKOSKI et al.

No. 27815. May 17, 1938.

R. L. Christian and E. F. Lester, for plaintiff in error.

Roe & Roe, for defendants in error.

PHELPS, J. The plaintiff in error, Edith Clinkscales, brought this action against Otto Mundkoski, Frank Lawrence, and Fred Varner, defendants in error, to recover damages for the death of her husband. The trial court sustained the separate general demurrers of each of the defendants to plaintiff's third amended petition, and the plaintiff, electing to stand upon this petition, refused to plead further; whereupon the court rendered judgment in favor of the defendants, dismissing the plaintiff's petition against each of them. The question for our consideration is whether the third amended petition stated a cause of action in favor of the plaintiff against any one or all of the defendants.

Eliminating the formal allegations, the petition was substantially as follows: That on August 11, 1935, Frank Lawrence and Fred Varner, two of the defendants, were city manager and trustee of the city of Grandfield, respectively, and J. W. Hallmark, not a party to this action, was chief of the fire department of said city; that Otto Mundkoski, the remaining defendant, resided on a farm outside the city limits of Grandfield, and on the date aforesaid he called by telephone and requested and employed the fire department of Grandfield to come to his premises to extinguish a fire; that said Frank Lawrence, Fred Varner, and the other trustees of said city promptly ordered the fire department to go to Mundkoski's farm; that J. W. Hallmark, as fire chief of Grandfield, secured and "pressed into service" the deceased A. C. Clinkscales to assist in extinguishing the fire; that A. C. Clinkscales, driving his own car, followed the fire truck on which defendants Lawrence and Varner rode; that when these parties arrived at the farm Mundkoski was present; that Lawrence and Varner knew the deceased was inexperienced in extinguishing fire and knew, or should have known, that the point where they directed and ordered said A. C. Clinkscales to approach the fire and assist "was dangerous and not a safe place to work, and said Clinkscales was not aware of the dangerous condition"; that Mundkoski, cooperating with the other defendants in the employment of Clinkscales, knew that said Lawrence and Varner had directed Clinkscales to a dangerous and unsafe place and also knew that Clinkscales was not aware of the great danger at that particular point; that although defendant Mundkoski knew the danger, and knew that it was unknown to Clinkscales, he failed, neglected, and refused to inform said Clinkscales; that Mundkoski, after employing, inviting, and accepting the services of said Clinkscales, instructed and directed the deceased in the performance of his services in extinguishing the fire; that among other property on said premises was a truck or trailer on which were two 50-gallon barrels containing gasoline; that a building and certain other material near said truck or trailer was burning and Clinkscales was assisting to extinguish it; that while so engaged, Mundkoski, well knowing that the barrels were filled with highly explosive gasoline, willfully, wantonly, and with culpable negligence and in order that said Clinkscales might better serve said defendant in protecting his property, directed deceased to quit pouring water on the fire near the truck or trailer and turn the water on the barn, which contained oats. stating that there was not any gasoline in the barrels or containers resting on the trucks; that relying thereon, Clinkscales moved nearer the fire and closer to the barrels of gasoline and began placing the water on the barn as directed by Mundkoski; that shortly thereafter the heat of the fire caused the gasoline to explode, throwing the burning gasoline upon said A. C. Clinkscales, causing injuries of which he died. The gasoline barrels had contained gasoline, instead

of being empty, as represented to deceased by Mundkoski.

A general demurrer admits the truth of all the facts which are properly pleaded in the petition, and the petition must be liberally construed and all such facts must be taken as true for the purposes of the demurrer. Schuman v. Williams, 176 Okla. 420, 57 P.2d 821.

The deceased was not a municipal fireman performing his duty within the city limits of the municipality employing him; consequently we may omit discussion of the authorities upon that proposition.

We shall first consider the petition in so far as the defendant Otto Mundkoski is concerned. It is true Mundkoski did not, according to the petition, expressly invite the deceased, A. C. Clinkscales, personally to come upon his premises. He did, however, invite the fire department, in fact requested it, to come there and extinguish the fire. Deceased, although not a member of the fire department, was serving with the said fire department officially. having been engaged for that duty by the fire chief. It appears that such was the custom, that is, to obtain others to assist. There can be no doubt that deceased was an invitee of Mundkoski, since Mundkoski had requested the service. Whether the invitation was express or implied is immaterial for the purposes of the present case. An invitation to enter upon the property of another may be either express or implied; an implied invitation may be manifested by acts or conduct of the owner which afford a reasonable basis for such implication. City of Shawnee v. Drake, 69 Okla. 209, 171 P. 727, L. R. A. 1918D, 810.

It is well settled that the owner of premises owes the duty to an invitee thereon to exercise ordinary care not to injure him. St. Louis-S. F. Ry. Co. v. Williams, 176 Okla. 465, 56 P.2d 815. This includes the duty to warn the invitee of any danger thereon of which the owner knows, or ought to know, and which is unknown to the invitee. As stated in Samuelson v. Iron Mining Co., 49 Mich. 164, 13 N. W. 499, and quoted with approval by this court in City of Shawnee v. Drake:

"Every man who expressly or by implication invites others to come upon his premises, assumes to all who accept the invitation the duty to warn them of any danger in coming. which he knows of or ought to know of, and of which they are unaware."

See, also, City of Tulsa v. Harman. 148 Okla. 117. 299 P. 462; St. L. & S F. Ry. Co. v. Williams, 176 Okla. 465, 56 P.2d 815;

Great American Indemnity Co. v. Deatherage, 175 Okla. 28, 52 P.2d 827; 45 C. J. 823.

However, if the deceased had occupied no higher status than that of a licensee, under the rule as it now exists in this state, Mundkoski still owed him the duty of ordinary care, instead of only the duty to refrain from willful and wanton injury, as the rule formerly was stated. Such is now the rule in this state. See Julian v. Sinclair Oil & Gas Co., 168 Okla. 192, 32 P.2d 31, 36, and cases cited therein; Dye v. Montgomery Ward & Co., 175 Okla. 567, 54 P.2d 182. So for present purposes it is immaterial whether we consider the deceased an invitee or a licensee.

Assuming the allegation in the petition as true, it would appear that Mundkoski, knowing that the barrels contained gasoline, expressly stated to the deceased that they were empty, in order to cause deceased to go nearer the barn where he could play the hose upon said burning barn, and that, acting on said representation, the deceased came in closer proximity to the gasoline, which soon thereafter exploded and caused his death, due to said proximity. We do not say as a matter of law that this was negligence on the part of Mundkoski; we do say that a question of fact was thereby presented for the jury's determination, as to whether Mundkoski thus acted as the ordinary prudent man would have acted under the circumstances. Clearly it cannot be said that a judgment for plaintiff under those circumstances would be reversed by an appellate court for insufficiency of evidence. We are of the opinion that the petition states a cause of action against Mundkoski, and that the trial court erred in sustaining the general demurrer of said defendant.

However, we do not believe the petition states a cause of action against the defendants Lawrence and Varner. It is stated that the fire chief "pressed into service" the deceased, but we are unable to determine what is meant by that phrase, in the absence of a more definite allegation. Furthermore, citations are lacking on the question whether the act of the fire chief in "pressing" him into service, whatever that means, would render the city manager and the trustee personally liable. Neither does the plaintiff cite any authorities sustaining the contention that Lawrence and Varner are liable, except by reference back to the authorities relative to the duty owing to an invitee by the owner or occupant of premises.

A casual examination of the petition discloses that those authorities are not appli-

cable. The defendants Lawrence and Varner were invitees themselves. Moreover, the deceased was injured after Mundkoski had directed him to leave the place where these defendants had requested him to assist them. When injured he was acting under the directions of said Otto Mundkoski. We are unacquainted with any theory which, under these facts, would create a liability on the part of Lawrence and Varner.

The judgment of the trial court sustaining the general demurrers of defendants Frank Lawrence and Fred Varner to plaintiff's petition is affirmed. The judgment of the trial court sustaining the general demurrer of Otto Mundkoski is reversed, and the cause is remanded, with directions to overrule said demurrer and proceed with the case.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.