LONG CONSTRUCTION CO. v. FOURNIER.

No. 30078. Feb. 17, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 689.*

Wilbur J. Holleman, of Tulsa, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for defendant in error.

RILEY, J. Charles F. Fournier sustained a judgment against plaintiff in error in the sum of $1,000 in a cause of action for damages resulting from personal injuries sustained when he fell while inspecting plastering work being done by him as an independent contractor in a building, which was the former home of Waite Phillips, and is now Philbrook, a museum. The defendant was the general contractor in charge of remodeling the building. The first floor, where the injury occurred, was of marble and was covered, during remodeling, when the injury occurred, with Celotex, presumably an appropriate protection. In the afternoon, at 3 o'clock, after an inspection, plaintiff sought to leave a large basement room by a hallway leading to a stairway, three steps of which were in the course of reconstruction. To avoid the steps, which were blocked, plaintiff went through an opening in an exhibit case, in the course of construction at the left end of the stairway, and onto a landing, where he tripped over the Celotex covering and fell. The Celotex covering consisted of two pieces placed end to end and over which wheelbarrows had moved so that they warped upward and overlapped. The plaintiff tripped over one of these, to his injury and damage.

The hallway was without artificial light, and visibility therein was poor, aided only by the sun's rays through the north entrance and electric lights from the large south room.

To reverse the judgment plaintiff in error contends that in order to maintain the action for damages, it was incumbent upon plaintiff below to affirmatively show that he was an independent contractor; otherwise, his relief would be afforded exclusively by the Workmen's Compensation Act.

Reasonable intendments derived from the pleadings are sufficient to sustain plaintiff's allegation that he was an independent contractor. Standard Accident Ins. Co. v. Basolo, 180 Okla. 261, 68 P. 2d 804. Plaintiff pleaded that he had a contract to do plastering with defendant, who was employed to remodel the Phillips mansion, and a contractor has been defined as "one who, as an independent business, undertakes to do specific jobs of work without submitting himself to control as to petty details." Stewart v. Talbott, 58 Colo. 563, 146 P. 771, Ann. Cas. 1916C, 1116; Ryan-Richards, Inc., v. Whitesides (C. C. A. 10th) 96 F. 2d 826; Fox v. Dunning, 124 Okla. 228, 255 P. 582.

Under the rule suggested by plaintiff in error from Restatement of the Law of Torts, vol. 2, § 343, a possessor of land is subject to liability for bodily harm caused to business visitors by natural or artificial conditions thereon, if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (1) to make the condition reasonably safe, or (2) to give warning adequate to enable them to avoid harm.

Apparently there is acquiescence on the part of defendant in error to this rule of reasonable and ordinary care required of defendant, who as general contractor was in charge of the building and repairs. However, there was a total absence of proof as to whose duty it was to maintain in good order the covering on the floor. The defendant supplied the covering and it was in good order when plaintiff and men under his supervision began the plaster work. There is no evidence that defendant knew the condition of the covering, but by the exercise of reasonable care

it could have discovered the condition, but the defendant, while chargeable with knowledge of a condition involving the risk, should be credited with every reason to believe that plaintiff would discover the same condition and realize the risk involved.

The plaintiff made frequent inspection trips to the premises; he knew or should have known of the floor covering and of the condition of it resulting from the moving over it of plastering material by men under his supervision. The plaintiff had like knowledge of the lighting equipment. He had been there two or three times a day. City of Edmond v. Washam, Adm'x, decided Dec. 24, 1940, 190 Okla. 140, 121 P. 2d 300; St. Louis-San Francisco Ry. Co. v. Gilbert, 185 Okla. 591, 95 P. 2d 123, held:

"The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted."

The general contractor is not an insurer of the safety of invitees; he is not required, at his peril, to keep the premises absolutely safe, but the measure of his duty in this respect is reasonable or ordinary care, and in determining whether such care has been exercised, it is proper to consider the uses and purposes for which the property in question is primarily intended. 45 C. J. 826.

Herein the general contractor had no superior knowledge of the perilous condition of the floor covering nor of the need of artificial lights to discover its condition, and equally the plaintiff knew that the immediate condition of the building's interior was that of a state of reconstruction. 20 R. C. L. 55; Bennett v. L., etc., R. Co., 102 U. S. 577, 26 L. Ed. 235; Great American Indemnity Co. v. Deatherage, 175 Okla. 28, 52 P. 2d 827; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462.

There is no obligation to warn against patent or obvious dangers (City of Tulsa v. Harman, supra; 20 R. C. L. 27), and there is no actionable negligence in the absence of a duty neglected or violated. 45 C. J. 639.

There are objections to instructions given and refused, but in view of our previous analysis, they need not be considered. For failure to establish actionable negligence, the judgment is reversed and the cause is remanded, with directions to dismiss.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.