Lorena A. PRUITT, Plaintiff in Error,

v.

Carl A. TIMME and Ed K. Ellis, d/b/a Ed K. Ellis Company, Defendants in Error.

No. 38556.

Supreme Court of Oklahoma.

Dec. 29, 1959.

Rehearing Denied Feb. 2, 1960.

Floyd L. Walker, Tulsa, for plaintiff in error.

Rosenstein, Fist & Mesirow, Tulsa, for defendant in error Carl A. Timme.

Rucker, Tabor & Cox, Joseph M. Best, O. H. (Pat) O'Neal, Tulsa, for defendant in error Ed K. Ellis Co.

JOHNSON, Justice.

This action was brought by Lorena A. Pruitt against Carl A. Timme, a non-resident owner of an apartment house located in Tulsa, Oklahoma, and Ed K. Ellis, as local manager of the apartment house, to recover damages for personal injuries allegedly sustained by her when she, on the night of November 7, 1957, entered the premises for the purpose of visiting friends living in a basement apartment. She alleged that she was unfamiliar with the premises, and that as she entered the doorway she fell down the unlighted stairs and was injured. She further alleged that the doorway opened directly onto the stairs; that the stairs were not equipped with handrails; that there was no light burning inside the building; that said conditions were contrary to good building practices, and that the defendants knew or by the exercise of reasonable care should have known that each of said conditions created a dangerous and hazardous condition; that she was injured as a direct and proximate result of said conditions brought about by the defendants' negligence.

Defendants answered separately and denied generally the plaintiff's allegations, and as a defense alleged unavoidable casualty and plaintiff's contributory negligence.

Plaintiff's evidence adduced at the trial reasonably tended to establish her allegations.

The trial judge sustained the defendants' demurrer to the evidence and motion for directed verdict and directed the jury to return a verdict for the defendants, resulting in this appeal.

Thus is raised the question of whether under this showing, the plaintiff established primary or actionable negligence on the part of the defendants.

In this case plaintiff was an invitee. She was invited to enter the premises to visit a friend, an occupant of one of two basement apartments of the building. She attempted to use the usual means of ingress and egress and passage to enter the premises.

Generally, an invitation to enter premises carries with it the duty toward the persons invited to provide reasonably safe means of ingress and egress, and to provide reasonably safe passages to and from such

places as are included within the scope of the invitation. 65 C.J.S. Negligence § 48 (b) Means of Ingress, Egress and Passage. English v. Thomas, 48 Okl. 247, 149 P. 906, L.R.A.1916F, 1110.

The facts of each particular case are, of course, controlling upon the question of negligence in respect of a dangerous condition upon the premises, and ordinarily the question whether an owner or occupant has been negligent in this respect toward a person whom he has invited upon the premises is to be decided by the jury. 38 Am. Jur., Negligence, Secs. 102 and 356. In such cases, as in other cases, however, if there is no dispute as to the facts and only one conclusion can be drawn from the evidence, the court can decide the question as a matter of law. Id.

An examination of the record discloses that the glass door to the entrance of the stairway opened to the outside of the building onto the street; that the last step of egress or first step of ingress was on a level with the street; that the steps leading to the basement apartments were the usual in depth as shown by photographs in evidence; that the lights turned on only at the foot of the stairs. The stairway was an ordinary interior stairway, walled on both sides, without handrails. The step on the street level appears to extend approximately eighteen inches inside the glass door entering the stairway to the two basement apartments.

The evidence is undisputed that the stairway was unlighted and that plaintiff was well aware of that fact; but, notwithstanding that knowledge, she attempted to use the stairway without calling to her friend to switch on the stairway lights or light a match to see the condition of the entrance and fell and was injured.

As a matter of law absence of handrails from an ordinary interior stairway, walled on both sides, is not actionable negligence. 38 Am.Jur., Negligence, Sec. 102; Walimaa v. Maki, 163 Minn. 352, 204 N.W. 25, 41 A.L.R. 965. And an innkeeper is not liable to a guest who, knowing that a stairway is unlighted, attempts to use it, and falls

and is injured by reason of the lack of lighting. Hendricks v. Jones, 28 Ga.App. 335, 111 S.E. 81. See also Cook v. McGillicuddy, 106 Me. 119, 75 A. 378 and annotations 41 A.L.R. 967 as to absence of handrails.

Under the above cited authorities and circumstances of this case, we are of the opinion and hold that the plaintiff failed to establish primary or actionable negligence on the part of the defendants.

Judgment affirmed.