Mr. and Mrs. H. O. JACKSON, Plaintiffs in Error,

v.

Mikah Marie LAND, Defendant in Error.

No. 40383.

Supreme Court of Oklahoma.

April 28, 1964.

 

Covington & Gibbon, A. M. Covington, Tulsa, for plaintiffs in error.

Lupardus, Holliman & Huffman, Sam P. Daniel, Jr., Tulsa, Joseph F. Glass, Best, Sharp, Thomas & Glass, Tulsa, of counsel, for defendant in error.

DAVISON, Justice.

Mr. and Mrs. H. O. Jackson (defendants below) appeal from a judgment rendered on jury verdict in favor of Mikah Marie Land (plaintiff below) for $1916 for personal injuries. The parties will be referred to by their trial court designation. Plaintiff was injured when she tripped and fell on the driveway on defendants' property.

Defendants' demurrer to plaintiff's evidence and motion for directed verdict at the close of all of the evidence were both overruled by the trial court.

Defendants urge the single proposition that plaintiff failed to establish a cause of action against them.

There is little if any dispute as to the facts and circumstances involved in the matter. Defendants were the owners of an old two story frame residence in Tulsa, Oklahoma, and reside on the second floor. The structure faces east on a street and a concrete driveway extends along the north side of the property, between the structure and the adjoining property, to what appears to be a two car garage located back of the building and on the rear of defendants' property. This garage was leased to a grocer who did not use the driveway, for the reason that he had another way of access. Immediately to the north of the property was a parking area used in connection with adjoining business operations. The entrance to the lower floor of the structure was by a front door, opposite steps and a walk to the public sidewalk, and by a back door. Defendant's entrance to and exit from the upper floor was by a front door at the north end of the front porch and thence to steps on to the driveway on the north side of the house duplex.

In November, 1960, plaintiff's husband rented the lower floor from the defendant, Mrs. Jackson, for $70 per month with bills paid and plaintiff and her husband occupied that portion of the duplex. Nothing was said concerning where the automobile of plaintiff and her husband would be parked. At that time, and for some time prior thereto, the defendants had not owned an automobile and consequently did not use the driveway for parking purposes. The condition of the driveway was apparent and visible and was admittedly known to plaintiff at the commencement of the tenancy. The testimony and the exhibits reflect that the entire driveway was chipped and broken by numerous cracks, and particularly in an area opposite the duplex building, with weeds and grass growing in the cracks and breaks. This condition existed from November, 1960, to June 2, 1961, when plaintiff was injured. The uncontroverted testimony is that this condition had existed during the 19 years since the defendants purchased and lived in the property.

In the early part of the tenancy the plaintiff parked her car on the street and in the front part of the drive where the porch steps used by defendants were located. This interfered with defendants' use of the steps and Mrs. Jackson asked plaintiff to park the car at the rear of the driveway and plaintiff then answered: "I said that it

was more convenient to park it in front; and as the driveway was in bad condition, less so there, but I would comply with the request and put it back."

The night of June 2, 1961, the weather was "stormy" and about 10 P.M. the plaintiff moved the car from where it was parked on the street to the rear portion of the drive, got out of the car on the driver's side at the corner of the house, and, to avoid a flower bed, walked around the front of the car and walked to the rear of the car, and according to plaintiff: "Well, of course, storming and raining, and I was in a little bit of a hurry, so I started into the house. I caught my toe and fell in this driveway."

Plaintiff fell on her left side, injuring her elbow, and bruising other portions of her body. At the point where plaintiff states she fell the driveway is cracked and slightly raised. The evidence does not reflect any measurement or estimate of the height of the raised portion.

Defendants owned no automobile and did not use the driveway as a vehicle driveway, but did use it as a walkway to the front public sidewalk. Mr. Jackson walked on the driveway to the rear of the house to enter the basement. Plaintiff used the driveway as above described and visitors to the defendants appear to have used some portions of the driveway for automobiles. It is plaintiff's theory that under all of the circumstances the driveway was a common one over which defendants exercised sole and exclusive control and custody. A part of defendants' proposition is that defendants use of the drive as a walkway should be distinguished from plaintiff's exclusive right to its use for an automobile, and deny it was a common way under their exclusive custody and control.

For the purposes of this opinion we will assume that plaintiff is correct and that it was a common driveway or way for the use of plaintiff and defendants and reserved under the defendants' custody and control.

■ Where the lessor reserves a portion of the premises for use in common by himself and a tenant, or by different tenants, the general rule is that the tenant, while using the same for the purposes intended, is doing so by invitation, and the duties and obligations of the lessor are those owed to an invitee. English v. Thomas, 48 Okl. 247, 149 P. 906, L.R.A.1916A, 1297; Reuter v. Hill, 136 Cal.App. 67, 28 P.2d 390; and 52 C.J.S. Landlord and Tenant § 417b (1), p. 26.

Under this rule of law the plaintiff was an invitee. In view of the present circumstances we must now consider the force and effect of other well recognized rules of law when applied to plaintiff's claim of liability on the part of defendants.

■ In City of Tulsa v. Harmon, 148 Okl. 117, 299 P. 462, this court held:

"The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care."

And in St. Louis-San Francisco Ry. Co. v. Gilbert, 185 Okl. 591, 95 P.2d 123, we stated:

"* * * It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted."

See also City of Drumright v. Moore, 197 Okl. 306, 170 P.2d 230 and Magnolia Petroleum Co. v. Barnes, 198 Okl. 406, 179 P.2d 132.

■ In the present case the condition of the driveway had existed and continued for many years. It was visible and apparent for all to see and plaintiff by her testimony was aware of such condition from the commencement of the tenancy in November, 1960, to June 2, 1961, when she fell. Plaintiff commented on the condition of the driveway early in the tenancy when she was requested to move her car from in front of defendants' porch steps. There

was no obligation to warn plaintiff as to the condition of the driveway.

In Long Const. Co. v. Fournier, 190 Okl. 361, 123 P.2d 689, we held that there was no obligation to warn an invitee, who knew the condition of a property, against patent and obvious dangers, and there was no actionable negligence in the absence of a duty neglected or violated. See also Pruitt v. Timme, Okl., 349 P.2d 4.

For failure to establish actionable negligence, the judgment is reversed and the cause is remanded with directions to dismiss.

HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.