W. C. (Bill) SULLINS, Plaintiff in Error,

v.

Warren MILLS, Defendant in Error.

No. 40411.

Supreme Court of Oklahoma.

July 28, 1964.

Rehearing Denied Oct. 6, 1964.

Milton Keen, Oklahoma City, for plaintiff in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Donald F. Gust, Oklahoma City, for defendant in error.

IRWIN, Justice.

Plaintiff in error, W. C. (Bill) Sullins, hereinafter referred to as plaintiff, brought an action against Warren Mills to recover damages for injuries sustained when he slipped on an icy area at a motel owned and operated by the defendant. After both parties had rested, the trial court sustained defendant's motion for a directed verdict. Plaintiff appeals from the order overruling his motion for a new trial.

## FACTS

Plaintiff premised his cause of action upon the allegations that defendant was negligent in that he (1) failed to provide and maintain a safe place for his customers to walk, (2) failed to warn plaintiff of the dangerous icy condition there existing, and (3) failed to warn plaintiff that he had chopped a hole in the ice.

Defendant's motel is in Pauls Valley, Oklahoma. Plaintiff and his companion, a Mr. Burlingame, arrived at the motel about 7:30 P.M. They were assigned a room and paid for it. They parked their vehicle in the place designated for the room they were assigned, took their luggage and business papers into the room, unpacked, and got ready to go eat. About 8:00 P.M. they left their room and started to walk across the courtyard of the motel to a cafe located nearby. Mr. Burlingame preceded plaintiff and when plaintiff had gone but a short distance past the walk-way in front of their room, he slipped on an icy area, fell and broke his right leg at the ankle.

Plaintiff testified that after he arrived at the motel and first went to his room he was aware of the icy conditions; that when he left his room he just didn't pay any attention to the ice; that he knew it was there and just started to walk across it just as a normal or average man would; and that when he slipped on the ice, his heel caught in a small hole in the ice and he fell.

Plaintiff specifically alleged in his petition that the injury was proximately caused by the negligence of the defendant in leaving a hole in the ice in front of his room which defendant had chopped out and left in the ice earlier in the day.

The evidence discloses the accident happened the night of December 13th. On December 12th, the courtyard had been covered with ice and snow and defendant had used his tractor to clear it. Most of the ice and snow was cleared except some areas located close to the motel rooms which had been protected from the sun. On December 13th, defendant put salt on the remaining icy areas and in the late afternoon and early evening cleared the slush from the melting ice.

Defendant testified that he cleared all the ice; that he did not chop any holes in any ice and there were no holes when he completed his work; that when he was finished, the water left from the melting ice and snow began to refreeze and he sprinkled this with salt.

## CONTENTIONS

Plaintiff contends that in view of the fact that the trial court directed a verdict in favor of defendant, the only issue is whether the evidence as to defendant's negligence was sufficient to present a question of fact for the jury to determine.

Defendant contends the true question presented is whether there was any competent evidence tending to establish primary negligence of defendant which was the proximate cause of the accident.

## CONCLUSIONS

In Towery v. Guffey, Okl., 358 P.2d 812, we held:

"This court has consistently followed the rule that in passing upon a motion for directed verdict, the trial court must consider as true all the evidence favorable to the party against whom the mo-

tion is directed, together with all inferences that may be reasonably drawn therefrom, and disregard all conflicting evidence favorable to the movant, and the matter should then be left to the jury if there is any competent evidence tending to show a right to recover under any view of the evidence so considered."

Although the above rule of law is applicable in the instant proceeding, in applying such rule we must be cognizant of other rules this Court has consistently followed.

■■■■ Defendant was not an insurer of the safety of plaintiff who slipped on the ice in defendant's courtyard, but only owed him the duty, as a business invitee, to exercise reasonable care to keep the premises in reasonably safe and suitable condition so that when plaintiff used the premises, he would not be necessarily or unreasonably exposed to danger. The burden was upon plaintiff to prove negligence of the defendant and the fact that plaintiff slipped on an icy area in the courtyard did not shift to defendant the burden of establishing the accident did not occur through his negligence, nor create a presumption of negligence. Unless it was established that plaintiff's injury was a result of defendant's negligence and such negligence was the proximate cause of the injury, or because of a condition that defendant had actual or constructive notice, plaintiff cannot recover. See Safeway Stores, Inc. v. Criner, Okl., 380 P.2d 712.

In St. Louis-San Francisco Ry. Co. v. Gilbert, 185 Okl. 591, 95 P.2d 123, we cited with approval The American Law Institute's Restatement of the Law, Torts, Vol. 2, page 938, sec. 343, which says:

" 'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, * * *.' "

In Midland Valley Railroad Company v. Mason, Okl., 372 P.2d 40, we held:

"In an action to recover damages caused by alleged negligence of defendant, the burden rests upon the plaintiff to show the existence of negligence and the proximate cause between such negligence and the injury.

"Before an act will be deemed to be the proximate cause of an injury, it must be shown that a person of ordinary intelligence would have anticipated or foreseen that injury was apt to be produced thereby."

In Pruitt v. Timme, Okl., 349 P.2d 4, we held that the plaintiff failed to establish primary or actionable negligence on the part of defendants and affirmed the judgment of the trial court sustaining defendants' motion for a directed verdict. In that case we held:

"The facts of each particular case are, of course, controlling upon the question of negligence in respect of a dangerous condition upon the premises, and ordinarily the question of whether an owner or occupant has been negligent in this respect toward a person whom the owner or occupant has invited upon the premises is to be decided by the jury. In such cases, as in other cases, however, if there is no dispute as to the facts and only one conclusion can be drawn from the evidence, the court can decide the question as a matter of law."

In Jackson v. Land, Okl., 391 P.2d 904, we held:

" 'The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.' * * *

"[T]here was no obligation to warn an invitee, who knew the condition of a property, against patent and obvious

dangers, and there was no actionable negligence in the absence of a duty neglected or violated."

In the instant action plaintiff knew that ice was in the courtyard and that icy conditions existed where he was walking when the accident happened. There is no evidence that the icy condition was more hazardous or dangerous than usually associated with icy conditions under usual and normal circumstances. We have found no authority by which liability could be imposed upon the defendant under the facts herein, together with all inferences that may be reasonably drawn therefrom, *unless* the existence of the hole in the ice, when considered in connection with the other facts, might impose that liability. In considering the trial court's action in sustaining defendant's motion for a directed verdict, we must assume that the hole did exist in the ice and that plaintiff's heel became lodged therein.

The fact that the hole did exist in the ice and plaintiff's heel became lodged therein, does not necessarily constitute actionable negligence. There is no evidence, tending to establish, together with all inferences that may be reasonably drawn therefrom, that (1) defendant "chopped the hole in the ice" as alleged; (2) defendant knew, or by the exercise of reasonable care should have discovered, that a hole was in the ice; (3) defendant should have anticipated or foreseen that an injury was apt to occur by reason of the icy conditions under the facts herein presented; and (4) defendant was negligent in failing to exercise reasonable care in keeping the courtyard in a reasonably safe and suitable condition, so that when plaintiff used the premises, he would not be necessarily or unreasonably exposed to danger.

We can only conclude and hold that trial court did not err in sustaining defendants' motion for a directed verdict and rendering judgment accordingly.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.