**Dwayne E. TURNER, Appellant,**

v.

**A. K. (Tony) RECTOR, dba A. K. Rector Enterprises, Appellee.**

No. 47536.

Supreme Court of Oklahoma.

Dec. 23, 1975.

O. A. Cargill, Jr., Oklahoma City, for appellant.

B. J. Cooper, Cooper, Stewart, Elder & Abowitz, Oklahoma City, for appellee.

SIMMS, Justice:

The issue presented in this appeal concerns what, if any, duty is owed a tenant by his landlord to protect the tenant from potential danger created by the natural accumulation of ice and snow on common walkway of an apartment complex.

Appellant, plaintiff below, brought this action to recover for personal injuries he

sustained on December 13, 1972, when he fell on ice and snow which had naturally accumulated in front of his apartment. Appellee, defendant below, owned the Oklahoma City apartment complex.

The trial court sustained defendant's demurrer to plaintiff's petition and allowed plaintiff to amend. Subsequently, plaintiff filed his amended petition to which defendant demurred. Finding that plaintiff had failed to state a cause of action, the trial court sustained defendant's demurrer and dismissed plaintiff's suit. This appeal arises from that ruling of the trial court. The Court of Appeals Reversed the ruling of the trial court and Appellee seeks Certiorari. Certiorari Granted. Court of Appeals Opinion Vacated. Trial Court Affirmed.

■ To determine the sufficiency of a petition, the general rule is that the demurrer admits the truth of all facts well pleaded together with all inferences which may be reasonably drawn therefrom. But a demurrer does not admit facts which are not pleaded or conclusions of fact or law which are not supported by the allegations of the petition. *Mohoma Oil Co. v. Ambassador Oil Co.,* Okl., 474 P.2d 950 (1970).

■ The pertinent portions of Appellant's amended petition alleged that:

" ' . . . he slipped and fell directly in front of his apartment on a portion of the premises over which appellee had exclusive control, possession and dominion and which was used in common by all tenants. Appellant further alleged that appellee 'was guilty of one or all of the following acts of carelessness and negligence,' to wit:

'(1) Failing to keep the ingress and egress passages along the walkways in front of said Apartments which was in the sole and exclusive possession and control and dominion of defendant, free and clear of ice, snow and slippery conditions, so as to afford a reasonably safe ingress and egress to the tenants in said Apartment Complex, and in particular, this plaintiff.

(2) Failing to properly inspect said walkway used as ingress and egress to said Apartments which was in the exclusive control, possession and dominion of the defendant, to determine the reasonably safe condition thereof.

(3) Allowing said snow and ice and slippery conditions to remain along said passageways of ingress and egress, which was in the exclusive control, possession and dominion of the defendant for a long period of time without having the same removed, or at least having said passageways which was in the sole control, possession and dominion of the defendant either cleared of said snow, ice or slippery conditions or to place sand, rocks or other matting over said slick places and the failure of the defendant to do so was careless and negligence (sic).

(4) Failing to warn plaintiff of the dangerous condition existing in front of Apartment No. 51, occupied by plaintiff, knowing that the same was covered with snow, ice and slippery substances so as to give plaintiff a chance to be aware of the dangerous incident, to (sic) going to and from Apartment No. 51, over such dangerous surfaces.' "

Appellant further alleged that his damage occurred as a "direct and proximate result of the above and foregoing acts of carelessness and negligence on the part of [appellee]."

Appellant contends that the ruling of the trial court sustaining Appellee's demurrer was erroneous in that Appellee had a duty to exercise reasonable care to keep the common walkway safe and that Appellee breached this duty by failing to remove the naturally accumulated ice and snow.

Appellant contends that Appellee's duty of reasonable care to protect invitees such as himself from danger extends to those

dangers that are open and obvious as well as to hidden defects in the nature of snares and pitfalls. In support of this contention Appellant relies on *Arnold v. Walters*, 203 Okl. 503, 224 P.2d 261 (1950), where we sustained a landlord's liability for plaintiff tenants' fall on a wooden walkway. The walkway had boards which were "loose, some were off entirely, so that there were holes in said walk, and many of the boards were warped and uneven."

Appellant's argument that *Arnold, supra,* is controlling here must fail as the holding in *Arnold* was obviously modified by our later decision of *Jackson v. Land,* Okl., 391 P.2d 904 (1964). In *Jackson, supra,* we held that plaintiff tenant failed to establish actionable negligence against her landlord for her fall as she failed to establish any duty owing to her. The plaintiff's fall in *Jackson, supra,* occurred in a driveway which was chipped and cracked, presenting an open and obvious danger similar to that of the walkway in *Arnold, supra.*

The Court's syllabus in *Jackson, supra,* serves as an efficient means to outline the general law in Oklahoma regarding the duty of a landowner to warn and protect invitees from danger, and is here set forth:

"1. Where the lessor reserves a portion of the premises for use in common by himself and a tenant, or by different tenants, the general rule is that the tenant, while using the same for the purposes intended, is doing so by invitation, and the duties and obligations of the lessor are those owed to an invitee.

"2. The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.

"3. There is no obligation to warn an invitee, who knew the condition of a property, against patent and obvious dangers, and there is no actionable negligence in the absence of a duty neglected or violated."

See, also, *Sullins v. Mills,* Okl., 395 P.2d 787 (1964).

Appellee's position is that he had no duty to protect Appellant from this natural and obvious danger. In support of this position Appellee relies generally on *Jackson v. Land, supra,* and specifically on our decision in *Buck v. Del City Apartments, Inc.,* Okl., 431 P.2d 360 (1967). We agree with Appellee that *Buck* is determinative of the precise issue presented here.

In *Buck, supra,* plaintiffs (husband and wife) were guests in defendants motel, when the plaintiff wife slipped and fell on an icy stair and injured herself. We held that plaintiff did not establish any duty owed by the motelkeeper to protect her from the obvious and patent danger created by the ice. The following language from that opinion is most pertinent to the instant action:

"The owner or person in charge of the premises has no obligation to warn an invitee, who knew or should have known the condition of a property, against patent and obvious dangers. The invitee assumes all normal or ordinary risks incident to the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to remove known and obvious hazards, nor is he liable to an invitee for an injury resulting from a danger which was obvious and should have been observed in the exercise of ordinary care.

"The duty to keep premises in a reasonably safe condition for the use of the invited public applies solely to defects or conditions which may be characterized as in the nature of hidden dangers, traps, snares, pitfalls, and the like— things which are not readily observable. The law does not require the owner or occupant of land to warrant that the invitee shall suffer no injury upon the premises; his duty is discharged when

reasonable care is taken to prevent the invitee's exposure to dangers which are more or less hidden, and not obvious. In the absence of a duty neglected or violated, there can be no actionable negligence. *Beatty v. Dixon,* Okl., 408 P.2d 339; *Herndon v. Paschal,* Okl., 410 P.2d 549; *Sullins v. Mills, supra; Pruitt v. Timme,* Okl., 349 P.2d 4.

"It is clear from the evidence that the wife knew or should have known of the general weather conditions. The dangers from them are universally known and were equally as apparent to her as they were to the motelkeepers. There is no evidence here that the usual hazard from the icy condition was in any way increased by an act of the motelkeepers. Where there is no act on the part of the owner or occupant of the premises creating a greater hazard than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them. *Sullins v. Mills, supra; see also Hallett v. Furr's, Inc.,* 71 N.M. 377, 378 P.2d 613; *Forbes v. Ruff,* 72 N.M. 173, 381 P.2d 960; *Carter v. Davis,* 74 N.M. 443, 394 P.2d 594.

"In short, mere slipperiness of snow or ice in its natural state and accumulations does not give rise to liability. Plaintiffs' argument is based on authorities from jurisdictions which have modified the traditional common-law view. These authorities are not persuasive to us. We accordingly decline plaintiffs' invitation to change the law of this state. See annotation in 26 A.L.R.2d 610. As plaintiffs' evidence does not show any 'duty violated or neglected', there was no error in sustaining the demurrer to their evidence."

In keeping with our holding in *Buck, supra,* we conclude that Appellant's amended petition did not show any duty owing and breached by appellee and we therefore conclude that the trial court was correct in sustaining Appellee's demurrer and dismissing Appellant's action,

Accordingly, the opinion by the Court of Appeals is vacated, and the decision of the trial court is Affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.